Bank of New York v. Rubin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2006

(Argued: March 27, 2007)                    Decided: April 11, 2007)

Docket No. 06-1606-cv

_____

THE BANK OF NEW YORK,

*Interpleader-Plaintiff-Appellee*,

–v.–

JENNY RUBIN, DANIEL MILLER, ABRAHAM MENDELSON,
STUART HERSCH, RENAY FRYM, NOAM ROZENMAN,
ELENA ROZENMAN and TZVI ROZENMAN,[*]

*Interpleader-Defendants-Appellants*,

BANK MELLI IRAN NEW YORK
REPRESENTATIVE OFFICE,

*Interpleader-Defendant-Appellee*,

BANK SADERAT IRAN, BANK SEPAH IRAN and
BANK SADERAT IRAN DUBAI BRANCH,

*Interpleader-Defendants*.

_____

Before:    FEINBERG, SOTOMAYOR, and KATZMANN,
*Circuit Judges*.

_____

---

[*] We direct the Clerk of the Court to amend the official caption to include Elena Rozenman as an interpleader-defendant-appellant.

-1-

For the reasons stated in the March 15, 2006 opinion and order of the United States

District Court for the Southern District of New York (Cote, J.), we hold that assets held in

accounts with interpleader-plaintiff-appellee the Bank of New York on behalf of interpleader-

defendant-appellee Bank Melli Iran New York Representative Office are not blocked assets

subject to attachment by interpleader-defendants-appellants Jenny Rubin et al. pursuant to the

Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322.

AFFIRMED in part and VACATED AND REMANDED in part.

> DAVID STRACHMAN (Robert J. Tolchin, Jaroslawicz & Jaros, *on the brief*), McIntyre, Tate & Lynch, LLP, Providence, Rhode Island, *for interpleader-defendants-appellants*.

> JOHN D. WINTER (Wendy K. Akbar, *on the brief*), Patterson Belknap Webb & Tyler, LLP, New York, New York, *for interpleader-defendant-appellee Bank Melli Iran New York Representative Office*.

> Michael J. Garcia, United States Attorney for the Southern District of New York (Lara K. Eshkenazi, Beth E. Goldman, *on the brief*), New York, New York, *for amicus curiae United States of America* in support of interpleader-defendant-appellee Bank Melli Iran New York Representative Office.

PER CURIAM:

Interpleader-defendants-appellants Jenny Rubin et al. (the "Rubin defendants") appeal

from a March 15, 2006 opinion and order of the United States District Court for the Southern

District of New York (Cote, J.), determining that assets held in accounts with interpleader-

plaintiff-appellee the Bank of New York on behalf of interpleader-defendant-appellee Bank Melli

Iran New York Representative Office ("Bank Melli") are not blocked assets subject to

attachment pursuant to the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, 116 Stat. 2322. *See Bank of New York v. Rubin*, No. 05 Civ. 4926(DLC), 2006 WL 633315 (S.D.N.Y. Mar. 15, 2006).

The Rubin defendants hold a default judgment against the Islamic Republic of Iran ("Iran") arising from its provision of training and material support to the group responsible for a 1997 terrorist bombing in Israel in which they or their relatives were injured. To satisfy the judgment, they registered it in the United States District Court for the Southern District of New York and attempted to attach, pursuant to section 201 of the TRIA, the assets of three Iranian banks held in accounts with the Bank of New York. Section 201 provides, in pertinent part, that "in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism . . . the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable." TRIA § 201(a), 116 Stat. at 2337. The TRIA defines "blocked asset" as "any asset seized or frozen by the United States under section 5(b) of the Trading With the Enemy Act (50 U.S.C. App. 5(b)) or under sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701; 1702)." TRIA § 201(d)(2), 116 Stat. at 2339.

For the reasons thoroughly stated in Judge Cote's fine opinion below, incorporating the persuasive analysis of Judge Leonard D. Wexler of the United States District Court for the Eastern District of New York addressing a similar claim against the same bank accounts, *see Weinstein v. Islamic Republic of Iran*, 299 F. Supp. 2d 63 (E.D.N.Y. 2004), we hold that assets

blocked pursuant to Executive Order 12170, 44 Fed. Reg. 65,729 (Nov. 14, 1979), and its accompanying regulations, *see* 31 C.F.R. Part 535, that are also subject to the general license of 31 C.F.R. § 535.579, are not blocked assets under the TRIA and therefore are not subject to attachment under that statute.

The government, which entered this case as amicus curiae in support of Bank Melli, notified the Court prior to oral argument that the Department of the Treasury has recently frozen the assets of interpleader-defendant Bank Sepah Iran ("Bank Sepah") because of its role as the "financial linchpin of Iran's missile procurement network." *See* News Release, Department of the Treasury, *Iran's Bank Sepah Designated by Treasury, Sepah Facilitating Iran's Weapons Program*, 2007 WL 54930 (Jan. 9, 2007) (internal quotation marks omitted). Although neither Bank Sepah nor interpleader-defendants Bank Saderat Iran and Bank Saderat Iran Dubai Branch made appearances below, Judge Cote, in a footnote to her opinion and order, stated that "[a]s the parties have provided no reason to distinguish among the Iranian banks, the . . . analysis [with respect to Bank Melli] will apply to all of the funds held by the Bank of New York." *Rubin*, 2006 WL 633315, at *1 n.1. The district court did not enter a separate judgment with respect to these banks or direct the release of their funds, and they have not appeared in the proceedings on appeal. Pursuant to a stipulation and order, however, the banks' funds have been placed in the district court's registry pending the outcome of the Rubin defendants' appeal, just as Bank Melli's funds, pursuant to a separate stipulation and order, are being held in an escrow account with its attorneys. Construing this as evidence of a final judgment with respect to Bank Sepah, *cf. Vona v. County of Niagara*, 119 F.3d 201, 206 (2d Cir. 1997) ("Even though a document does not comprehensively list all of the [district] court's decisions, we may consider it to be a final

judgment if it is clear that the court so intended it."), we vacate that judgment and remand so that the district court may determine whether the Rubin defendants may now attach Bank Sepah's assets deposited in the registry of the district court.

For the foregoing reasons, the judgment of the district court is VACATED as to Bank Sepah and otherwise is AFFIRMED, and the case is REMANDED in part for proceedings not inconsistent with this opinion.